UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| International Brotherhood of Electrical Workers Local 31, | Case No. 16-cv-523 (PAM/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| ALLETE, Inc., d/b/a Minnesota Power, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Petition to Compel Arbitration. For the following reasons, the Petition is granted.

## BACKGROUND[1]

On May 24, 2016, the Court stayed this matter pending resolution of Defendant's unfair labor practice charge with Region 18 of the National Labor Relations Board ("NLRB"). Defendant's charge alleged that Plaintiff violated Sections 8(b)(1) and 8(b)(3) of the National Labor Relations Act ("NLRA") by bringing this lawsuit and refusing to bargain for a new employment contract involving the Taconite Ridge wind technicians. On July 5, the NLRB's Office of General Counsel recommended that the NLRB dismiss Defendant's charge. (Pl.'s Letter Brief Ex. 1 (Docket No. 29-1) at 1.) The NLRB noted the Court's position—that the Court lacked jurisdiction over the parties' dispute in the absence of a ruling by the NLRB on the bargaining-unit issue—and

---

[1] The underlying facts of this matter are fully set forth in the Court's previous Memorandum and Order (Docket No. 23).

concluded that whether "the parties had agreed to use interest arbitration in bargaining over a newly certified unit like the one in question is an issue independent of the composition of the bargaining units," and therefore "did not unlawfully seek to force a change in the scope of the existing units." (Id. at 7.)  The NLRB officially dismissed Defendant's charge two weeks later. (Pl.'s Letter (Docket No. 24) at 3.)  Defendant appealed, and the Office of Appeals upheld the dismissal on December 28. (Id. at 6.)

In early January 2017, the parties requested that the Court lift the stay due to the NLRB's dismissal of Defendant's unfair labor practice charge.  On January 11, the Court reopened the case and requested additional briefing addressing the status of the matter and the effect of the NLRB's dismissal.  The parties continue to disagree over whether the Court has subject matter jurisdiction, and whether the parties are bound to arbitrate.

**DISCUSSION**

**A.    Jurisdiction**

The Court's jurisdiction over this matter is premised on § 301 of the NLRA, which provides that lawsuits "for a violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States . . . ." 29 U.S.C. § 185(a).  The Court's jurisdiction over labor disputes is not without limits, however, and Defendant contends that the instant dispute is a "representational matter" over which the NLRB, rather than the Court, has exclusive jurisdiction. See id. § 159; see also Constr., Bldg. Material, Ice & Coal, Laundry, Dry Cleaning, & Indus. Laundry & Dry Cleaning Drivers, Helpers, Warehousemen, Yardmen, Salesmen, & Allied Workers, Local 682 v. Bussen Quarries, Inc., 849 F.2d 1123, 1124-25 (8th Cir. 1988).  Defendant

argues that for the Court to determine whether to compel arbitration, it would first be required to determine whether the bargaining unit defined in the CBA or the bargaining unit recently certified by the NLRB is the appropriate unit, and that such a determination is a representational matter that the Court may not decide. According to Defendant, Plaintiff's Petition is an "attempt to have a federal court determine whether certain employees are covered by an existing collective bargaining agreement." (Def.'s Opp'n Mem. (Docket No. 14) at 9.) The Court disagrees.

Plaintiff's Petition is not an attempt to have this Court determine whether the wind technicians are covered by the existing CBA. Indeed, Plaintiff concedes that the wind technicians are "outside the scope of the existing bargaining unit." (Pl.'s Letter Brief (Docket No. 29) at 1.) Rather, Plaintiff's Petition seeks to enforce Paragraph 24 of the CBA which states:

> Should there be employees of the Company who are not covered in the classifications in this Article who desire the Union to represent them, the representatives of the parties hereto shall meet on ten (10) days written notice from either party to the other or at a date mutually agreed on for the purpose of negotiating, concerning wages, hours and other definite conditions of employment of such employees, and on their failure to fill agree, the points of difference shall be settled by arbitration in the manner as provided herein.

(Keyes Aff. Ex. 1 (Docket No. 3-1) ¶ 24.) The parties agree that the wind technicians have already voted for Plaintiff to represent them. There is therefore no representational issue here. See West Point-Pepperell, Inc. v. Textile Workers Union, 559 F.2d 304, 307 (5th Cir. 1977) ("A representational issue is one that "calls for a resolution of the right to represent.") Instead, the parties dispute whether Paragraph 24 covers the wind

3

technicians. Plaintiffs contend that the wind technicians are "employees of the Company" as stated in Paragraph 24. Defendant contends that they are not and have refused to arbitrate. This dispute is a classic contract-interpretation issue, not a representational one. The Court thus has jurisdiction to decide whether the parties are bound to arbitrate.

**B.    Arbitration**

When deciding whether to compel arbitration, the Court "must first consider whether a valid agreement to arbitrate exists." United Steelworkers of Am., AFL-CIO-CLC v. Duluth Clinic, Ltd., 413 F.3d 786, 788 (8th Cir. 2005). If it does, the Court must "then consider the scope of the agreement." Id. There is a strong presumption in favor of arbitrability, and an order to compel arbitration should not be denied "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960).

> Here, the CBA between the parties includes an arbitration paragraph that reads:
>
> All differences that may arise which cannot be agreed upon by the representatives of the Company and the Union, as hereinbefore provided, including differences concerning amendments to this Agreement submitted by either party hereto to the other not later than sixty (60) days prior to any termination date, shall be submitted at the request of either party to an Arbitration Board . . .

(Keyes Aff. Ex. 1 ¶ 10.) This constitutes a valid agreement to arbitrate. Moreover, Paragraph 10 is extremely broad, encompassing "all differences that may arise" between

the parties, and therefore includes the parties' dispute over whether the wind technicians are "employees of the Company" under Paragraph 24. Because this valid, all-encompassing agreement to arbitrate exists, the parties must arbitrate their dispute.

**CONCLUSION**

The Court has subject matter jurisdiction over this matter and the parties are bound to arbitrate their contract-interpretation dispute. Accordingly, **IT IS HEREBY ORDERED that** the Petition to Compel Arbitration (Docket No. 1) is **GRANTED. LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 8, 2017            *s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge